IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHASE CORBIN COLLINS,[1]

           **Plaintiff,**

    v.                                          CASE NO. 10-3109-SAC

**DON JORDAN, et al.,**

           **Defendants.**

## O R D E R

Plaintiff, a prisoner in the custody of the Kansas Department of Corrections (KDOC) and incarcerated in a KDOC facility, proceeds pro se on a complaint seeking relief under 42 U.S.C. § 1983. Before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915, and motion for appointment of counsel.

*Leave to Proceed In Forma Pauperis*, *28 U.S.C. § 1915*

Having reviewed plaintiff's lack of financial resources, the court grants plaintiff leave to proceed in this matter without prepayment of an initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff remains obligated, however, to pay the full $350.00 district court filing fee, 28 U.S.C. § 1915(b)(1), through automatic payments from his inmate trust fund account as authorized

---

[1] Court records reflect that plaintiff has filed previous complaints under the name Alan Ray Howard, Jr., with the same prison identification number (KDOC # 76216) for all his filings.

by 28 U.S.C. § 1915(b)(2).[2]

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner,[3] the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff bears the burden of alleging "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

---

[2] 28 U.S.C. § 1915(b)(2) reads:
"After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."
Payment of the $350.00 district court filing fee in this matter is to proceed as authorized by § 1915(b)(2) after plaintiff's prior fee obligations have been fully satisfied. *See* Howard v. Everhart, Case No. 03-3414-GTV ($150.00 district court filing fee); Collins v. Daniels, Case No. 08-3212 ($350.00 district court filing fee), and Collins v. Cline, Case No. 08-3238-SAC ($350.00 district court filing fee).

[3] Although plaintiff's allegations center in large part upon his designation as a sexually violent predator under the Kansas Sexually Violent Predator's Act, K.S.A. 59-29a01 *et seq.*, it is clear from the face of the record that plaintiff filed this action while incarcerated in KDOC custody for service of one or more state criminal sentences. Plaintiff is thus a "prisoner" as defined by 28 U.S.C. § 1914(h).

(2007). *See* Ashcroft v. Iqbal, __U.S. __, __, 129 S.Ct. 1937, 1953 (2009)(Twombly "expounded the pleading standard for all civil actions."); Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(stating and applying Twombly standard for dismissing a complaint as stating no claim for relief).

Although a complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even under this standard, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Com'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In his complaint, plaintiff cites a history involving his civil confinement as a "sexually violent predator" (SVP)[4] under the Kansas Sexually Violent Predator Act (KSVPA),[5] and his incarceration

---

[4]Collins was committed to the Kansas Department of Social and Rehabilitation Services for care and treatment at the Kansas State Hospital, upon a jury's determination that he was a sexually violent predator. *See* In the Matter of the Care and Treatment of Chase Corbin Collins a.k.a Alan Ray Howard, Jr., Pawnee District Court Case 03-PR-1228.

[5]*See* K.S.A. 59-29a01 *et seq*.
"The KSVPA is an act for the commitment of sexually violent predators. It establishes a procedure for identification and involuntary civil commitment of such predators 'for the potentially long term control, care and treatment' of such persons 'in an environment separate from persons involuntarily committed' under other statutory regimes. K.S.A. 59-29a01. The ultimate step in the process of commitment is the right of trial by jury 'to determine whether the person is a sexually violent predator.' K.S.A. 59-29a06."

thereafter for battery of a state corrections officer and attempted battery of mental health employees.[6] Plaintiff appears to challenge the validity of the state court's SVP determination in 2003 and/or subsequent annual reviews, and claims he is wrongfully being denied copies of reports submitted in those proceedings.

Plaintiff also cites being raped in 2004, and appears to claim officials ignored this sexual assault and violated their duty to protect him from such harm.

Plaintiff specifies the relief being sought in this action as his release from the SVP determination and from all further commitment and supervision under KSVPA, and a proper investigation of the 2004 rape with criminal prosecution of all who unlawfully conspired to conceal this criminal misconduct.

However, to the extent plaintiff alleges constitutional error in his civil commitment as an SVP and in the ongoing review of that commitment as provided by the KSVPA, his claims sound in habeas corpus rather than § 1983, Duncan v. Walker, 533 U.S. 167, 176-77 (2001), and must first be presented to the state courts for their consideration under state law, O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). *See also* Johnson v. State, 289 Kan. 642 (2009)(state

---

In re Colt, 39 Kan.App.2d 643, 647 (2008), *aff'd*, 289 Kan. 234 (Kan. 2009).

[6]Plaintiff cites a 2003 state civil proceeding under KSPVA, and being held in the Larned State Hospital upon his release from prison in 2004. In 2006, plaintiff was charged with attempted battery of a mental health employee. Following his conviction on those charges, he returned to KDOC custody in March 2008. Some seven months later, plaintiff was charged with battery of a state corrections officer or employee. He was convicted on those charges and remains in KDOC custody.

habeas petition under K.S.A. 60-1501 is available for alleging due process violations under Kansas Sexual Predator Treatment Program). There is no indication in the record that plaintiff has fully exhausted state court remedies on any of the allegations or claims asserted in the instant complaint.[7]

Also, to the extent plaintiff alleges violations of state law rather than any violation of his rights under the United States Constitution or federal law, no claim for relief is stated under § 1983.[8] *See* Jones v. City & County of Denver, Colo., 854 F.2d 1206, 1209 (10th Cir. 1988)(§ 1983 provides relief for violations of federal law by individuals acting under color of state law, but provides no basis for relief for alleged violations of state law).

And finally, while § 1983 may be appropriate to seek relief for alleged constitutional error in the conditions of plaintiff's civil confinement or incarceration, any relief on plaintiff's allegations regarding the 2004 rape is now barred by the two year statute of limitations applied to such claims. *See* Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations in K.S.A. 60-513 applies to civil rights actions brought pursuant to 42 U.S.C. § 1983). Moreover, plaintiff has no federal right to the prosecution of another. *See* Diamond v.

---

[7]The court previously advised plaintiff on this very requirement. Court records disclose that plaintiff sought federal habeas corpus relief in 2008 regarding his SVP commitment. The court dismissed that petition without prejudice because plaintiff identified no exhaustion of state remedies. *See* Collins v. Larned State Hospital, Case No. 08-3217-SAC.

[8]Nor do violations of state law provide a basis for federal habeas corpus relief. *See* Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

Charles, 476 U.S. 54, 64 (1986)("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")(citations omitted); Winslow v. Romer, 759 F.Supp. 670, 673 (D.Colo. 1991)("[p]rivate citizens generally have no standing to institute federal criminal proceedings").

For these reasons, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(2)(B)(ii).[9]

*Motion for Appointment of Counsel*

In considering requests for the appointment of counsel under § 1915, the United States Court of Appeals for the Tenth Circuit has directed that the Court consider the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the

---

[9] Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal in federal court if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."
   Plaintiff is further advised that he has incurred at least two prior "strikes" in his litigation in the District of Kansas. *See* Howard v. Everhart, Case No. 03-3414-GTV (dismissed as stating no claim for relief) *and* Collins v. Cline, Case No. 08-3238-SAC (dismissed as stating no claim for relief).
   In a supplemental pleading in the present case, plaintiff states Case No. 08-3238 was dismissed for lack of prosecution because he had no postage to file a response to the show cause order issued by the court. This statement is not accurate. The record in Case No. 08-3238 shows that plaintiff filed a timely response to the June 4, 2009, show cause order, and that the court reviewed plaintiff's response before dismissing the complaint as stating no claim for relief.

prisoner's ability to present his claims. Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995).

In the present case, plaintiff supplements the record to argue his ability to mail pleadings to the courts is significantly restricted, which necessitates appointment of counsel to advance his claims.[10] However, for the reasons set forth above, plaintiff's allegations in this matter are subject to being summarily dismissed. Accordingly, given plaintiff's demonstrated ability to present his concerns and respond to court orders, the court denies plaintiff's request for appointment of counsel.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 6) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(4), after plaintiff's prior fee obligations have been fully satisfied.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 2) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the instant complaint should not be dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983, and without prejudice to any claim plaintiff is entitled to

---

[10]Plaintiff states his indigent status restricts him to four stamps per month but for mail, including legal mail, that meets policy restrictions or is approved by prison officials. Plaintiff documents in this matter, however, that prison staff provided necessary financial records and approved postage for plaintiff's timely response.
 The court treats plaintiff's supplemental materials as relevant only to plaintiff's request for an extension of time (which was not needed) and as support for his request for appointed counsel.

pursue in the state courts or in a federal habeas corpus action after first exhausting state court remedies.

Copies of this order shall be mailed to plaintiff and to the Centralized Inmate Banking office for the Kansas Department of Corrections.

**IT IS SO ORDERED.**

DATED: This 14th day of July 2010 at Topeka, Kansas.

                                            s/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge