IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHASE CORBIN COLLINS,**[1]

        **Plaintiff,**

    v.                          CASE NO. 10-3109-SAC

**DON JORDAN, et al.,**

        **Defendants.**

### O R D E R

Plaintiff, a prisoner currently incarcerated in a Kansas Department of Corrections (KDOC) facility, proceeds pro se and in forma pauperis on a complaint seeking relief under 42 U.S.C. § 1983.

In this action, plaintiff alleges being denied a copy of a psychological evaluation in his 2003 civil commitment under the Kansas Sexually Violent Predator's Act (KSVPA),[2] or an attorney in annual KSVPA reviews prior to 2008. Pursuant to the 2003 KSVPA commitment proceeding, plaintiff was held in the Larned State

---

[1] Court records reflect that plaintiff has filed previous complaints under the name Alan Ray Howard, Jr., with the same prison identification number (KDOC # 76216) for all his filings.

[2] See K.S.A. 59-29a01 *et seq.; In re Colt*, 39 Kan.App.2d 643, 647 (2008)(discussing KSVPA), *aff'd*, 289 Kan. 234 (Kan. 2009).
Collins was committed to the Kansas Department of Social and Rehabilitation Services for care and treatment at the Kansas State Hospital, upon a jury's determination that he was a sexually violent predator. *See In the Matter of the Care and Treatment of Chase Corbin Collins a.k.a Alan Ray Howard, Jr.*, Pawnee District Court Case 03-PR-1228.

Hospital upon his release from prison in 2004. In 2006, plaintiff was charged with battery and attempted battery of a mental health employee. Following his conviction on those charges, he returned to KDOC custody in March 2008. Some seven months later, plaintiff was charged with battery of a state corrections officer or employee. He was convicted on that charge and remains in KDOC custody.

In this action plaintiff essentially argues his incarceration in a Kansas correctional facility on the sentences resulting from those convictions precluded the treatment required upon his commitment as a sexually violent predator (SVP), and/or that this civil commitment barred criminal prosecution. Based on the alleged denial of due process under the KSVPA through 2008, plaintiff seeks release from his SVP commitment and/or release from his present incarceration which he claims is unconstitutional and illegal absent release from that commitment.[3]

By an order dated July 13, 2010, the court directed plaintiff to show cause why allegations of constitutional error in plaintiff's civil commitment as an SVP, or in the ongoing review of that commitment under Kansas law, should not be dismissed without prejudice as sounding in habeas corpus with no exhaustion of state court remedies. *Duncan v. Walker*, 533 U.S. 167, 176-77 (2001);

---

[3] Plaintiff also seeks an investigation of an incident in 2004 in which he claimed he was raped while in SVP treatment by another person committed for treatment. Plaintiff clarifies in later filings that he referenced the 2004 incident in support of his claim for unspecified injunctive relief to prevent any such future abuse when he is scheduled to return to SVP treatment in 2014 upon expiration of his current criminal sentence. Plaintiff's allegations and concern, however, are too conclusory, untimely, and speculative to establish any plausible finding of a real and immediate threat of future harm that might warrant injunctive relief.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Also, to the extent plaintiff alleged violations of state law rather than any violation of his rights under the United States Constitution or federal law, why the complaint should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as stating no claim upon which relief could be granted under § 1983. *Jones v. City & County of Denver, Colo.*, 854 F.2d 1206, 1209 (10th Cir. 1988).

In response, plaintiff argues § 1983 is appropriate to challenge an unlawful civil commitment and to prevent future sexual assault which is likely to reoccur when he returns to SVP treatment upon completion of his current sentence.

Plaintiff also renews his request for appointment of counsel to avoid perceived error by prison officials in providing indigent postage for plaintiff's legal mail, and filed a motion "to compel enforcement" of K.S.A. 59-29a05(c)(4) to remedy both his attorney's refusal in 2003 to provide plaintiff a copy of the psychological evaluation used in the KSVPA commitment proceeding, and the state courts' denial of plaintiff's motions thereafter for a copy of that report. Alleging further error in his subsequent KSVPA annual review proceedings, plaintiff prays for a total release from his civil commitment under KSVPA, and again argues that he is being denied SVP treatment while incarcerated, and that his civil commitment as a SVP negates the subsequent criminal prosecution and sentencing.

Having carefully reviewed the record, the court continues to find the complaint should be summarily dismissed.

While § 1983 is available to challenge the constitutionality of

the *conditions* of confinement of a civilly committed person, habeas corpus remains the appropriate relief to constitutionally challenge the *fact or duration* of that confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(*citing Preiser v. Rodriguez*, 411 U.S. 475, 489 (1974)). Accordingly, to invalidate or set aside his 2003 civil commitment as a SVP or annual reviews of his mental condition, or his subsequent criminal convictions and sentences, habeas corpus remains the appropriate remedy and plaintiff is required to first exhaust state court remedies.

Nor does plaintiff identify a cognizable constitutional challenge to the procedures employed in his commitment proceedings and annual reviews that might entitle him to proceed under § 1983 to seek future injunctive relief to remedy an unconstitutional procedure.[4] Plaintiff maintains the state courts have consistently and denied his requests for a copy of his 2003 psychological evaluation, contrary to his reading of the state statute. But plaintiff did not seek appellate review of those state court decisions, and federal courts do not sit as an appellate court to review alleged error in a state court's interpretation and application of state law.[5] Plaintiff also indicates he was denied

---

[4]Compare *Wilkinson*, 544 U.S. at 81-82 (state prisoners can challenge constitutionality of state parole procedures under § 1983 seeking declaratory and injunctive relief that does not necessarily implicate the validity of the prisoner's confinement or its duration).

[5]"The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 46 U.S. 59, 460 (2006)(*quotation marks and citation omitted*)

the appointment of counsel which the KSPVA mandated during his annual reviews prior to 2008 when counsel was appointed, but no appropriate relief under § 1983 could now remedy that past deprivation even if a constitutional deprivation were to be assumed. Likewise, although plaintiff complains he was not allowed to be present during one or more of his annual reviews, he is unable to show he had a protected right under KSVPA to be present.[6]

Accordingly, for the reasons stated herein and in the show cause order entered on July 13, 2010, the court concludes the complaint should be dismissed.

IT IS THEREFORE ORDERED that plaintiff's motion to compel (Doc. 11) is denied, and that the complaint is dismissed as stating no claim upon which relief can be granted under 42 U.S.C. § 1983. Dismissal of the complaint is without prejudice to any claim plaintiff is entitled to pursue in the state courts or in a federal habeas corpus action after first exhausting state court remedies.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 12) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 25th day of February 2011 at Topeka, Kansas.

       s/ Sam A. Crow
       SAM A. CROW
       U.S. Senior District Judge

---

[6]See e.g. K.S.A. 59-29a08(a)(a person committed as a SVP has a right to attorney representation during the annual review of that person's mental condition, but "the person is not entitled to be present at the hearing").